Stephen Z. Starr     (DC Bar #44312)
STARR & STARR, PLLC
260 Madison Ave., 17th Floor
New York, New York 10016
tel.  (212) 867-8165
fax. (212) 867-8139

Attorneys for Petitioner, OGI Group Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-----------------------------------------------------------------x

| | |
|---|---|
| OGI GROUP CORPORATION, | Case No.: 19-2619 |
| Petitioner, | |
| | **PETITION TO CONFIRM ARBITRATION AWARD** |
| - against - | |
| OIL PROJECTS COMPANY OF THE MINISTRY OF OIL, BAGHDAD, IRAQ (SCOP), | |
| Respondent. | |

-----------------------------------------------------------------x

Petitioner OGI Group Corporation, by its attorneys, Starr & Starr, PLLC, as and for its Petition to Confirm Arbitral Award, states as follows:

### NATURE OF THE PROCEEDING

1. This is a proceeding pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "Convention"), implemented at 9 U.S.C. §§ 201 *et seq*. Petitioner applies pursuant to 9 U.S.C. § 207, for an order confirming the Final Award, dated April 16, 2018, rendered in an arbitration under the auspices of the International Court of Arbitration ("ICC") in the matter of an arbitration between OGI Group Corporation (Claimant) vs. Oil Projects Company of The Ministry of Oil, Baghdad, Iraq (SCOP) (Respondent), Case No. 20994/ZF/AYZ  (the "Arbitration").

## THE PARTIES

2.      Petitioner OGI Group Corporation ("Petitioner") is a professional engineering firm registered and licensed under the laws of Canada. It has its principal office and place of business at 1000, 888 - Third Street SW, Calgary, Alberta, T2P-5C5, Canada.

3.      Respondent, Oil Projects Company of The Ministry of Oil, Baghdad, Iraq (SCOP)("Respondent"), is an Iraqi public company formed under the State Companies Law No. 22 of 1997 of the Republic of Iraq and wholly owned by the Ministry of Oil of the Republic of Iraq. It has its registered domicile at Port Saaed Street, Zayuona Post Office, P.O. Box 19344, Baghdad, Iraq.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this proceeding pursuant to 9 U.S.C. § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . .shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy") and 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under . . . treaties of the United States").

5.      Respondent is an "instrumentality" within the meaning of section 1603(b)(2) of The Foreign Sovereign Immunities Act of 1976 ("FSIA")(codified at 28 U.S.C. §§ 1330, 1391(f), 1441(d), and 1602-11), because a majority of its shares or other ownership interest is owned by the Republic of Iraq.

6.      This Court has personal jurisdiction over Respondent pursuant to the provisions of FSIA section 1330(b) which provides that "[p]ersonal jurisdiction over a foreign state shall

exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608." Respondent is a "foreign state" within the meaning of FSIA section 1330(b) because the definition of "foreign state" in the FSIA includes "a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in [§ 1603](b)". 28 U.S.C. § 1603(a).

7. The district court in this case has personal jurisdiction under subsection (a) as quoted in the prior paragraph [FSIA section 1330(a)] because OPC is not entitled to immunity either under FSIA sections 1605 - 1607 or under any applicable international agreement and Petitioner will effect service of process under FSIA section 1608.

8. This petition is subject to the arbitration exception contained in FSIA section 1605(a)(6) in that it is brought pursuant to the Convention which is a multilateral treaty ratified by the United States which provides for the recognition and enforcement of foreign arbitral awards.

9. Venue is proper pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(f)(4).

## ALLEGATIONS OF FACT

**A.  Background**

10. In October 2003, Respondent issued a tender for the supply of design, engineering, procurement and materials for the development of the Hamrin Oil Field in Iraq (the "Project").

11. Petitioner won the tender and on March 24, 2005 entered into a contract (the "Contract"). A true and correct certified copy of the Contract is attached as **Exhibit A** to the Declaration of Steven Jones (the "Jones Decl.") filed concurrently herewith. Under the terms of

the Contract, Petitioner was required to provide design, engineering, procurement and other services to enable Respondent, as part of the Project, to construct and commission degassing stations and a central treatment plant (the "Plant"), as well as lay flow lines, gas injection lines and interconnection lines.

12. The lump-sum Contract Price that Respondent agreed to pay Petitioner amounted to US $174,686,500.

13. Pursuant to Respondent's request dated June 21, 3006, on November 30, 2006 a Project Change Notice in the amount of US $1,965,327 was approved, increasing the overall Contract Price to US $176,650,827.

14. The original arbitration agreement agreed between Petitioner and Respondent was initially set forth under Clause 21 of the "General Conditions of Contract for Supply Contracts" and Clause 21 of the "Conditions of Particular Application" (collectively, the "Contract Conditions").

15. The original arbitration agreement contained in the Contract Conditions was subsequently deleted and replaced in its entirety by the Parties by the "Amendment to the General Conditions for Supply Contracts as amended by the Conditions of Particular Application" (the "Amendment Agreement"), signed by Petitioner on December 16, 2014 and Respondent on February 22, 2015.

16. The resulting arbitration agreement in force between the Parties, pursuant to which the Arbitration was held is set out in the Amendment Agreement, as follows:

> (1) All disputes arising out of or in connection with the Contract for the Development of the Hamrin Oilfield, Iraq, including the General Conditions for Supply Contracts as amended by the Conditions of Particular Application ("the Conditions"), entered into by the Parties on March 24, 2005 (collectively, "the Contract"), shall be finally settled by

> arbitration under the Rules of Arbitration of the International Chamber of Commerce by three arbitrators appointed in accordance with the said Rules. The third arbitrator, who will act as president of the arbitral tribunal, shall be agreed by the two party-appointed arbitrators in consultation with the respective Parties.
>
> (2) The seat of arbitration shall be Geneva, Switzerland.
>
> (3) The language of the arbitral proceedings shall be English.
>
> (4) The governing law of the Contract shall be substantive law of Iraq.
>
> (5) This agreement replaces and supplants in full all prior dispute resolution agreement between the Parties in relation to the Hamrin Oilfield Development Project, including but not limited to Clause 21 ("Settlement of Disputes - Arbitration") of the Conditions.

17. Between 2007 and 2013 there were various disagreements between the parties with they attempted to resolve consensually. However, despite a number of meetings and efforts at resolution, the parties were unable to resolve their disputes.

**B.     The Arbitration Proceedings & Award for Petitioner**

18. On April 4, 2015, Petitioner filed its Request for Arbitration with the ICC.

19. A true and correct, certified copy of the Terms of Reference applicable to the Arbitration is annexed as **Exhibit B** to the Jones Decl.

20. A three-person tribunal (the "Tribunal") comprised of Antonio Crivellaro, President, Mark Palmatier, Co-Arbitrator, and David Brynmor Thomas, Co-Arbitrator was constituted to conduct the Arbitration.

21. Although the legal seat of the Arbitration remained Geneva, Switzerland as agreed in the Amendment Agreement, the Parties agreed and the Tribunal accepted that the hearing in the Arbitration would be conducted in Paris, France.

22.     Between October 9 - 13, 2017, an arbitration hearing (the "Hearing") was held in the Arbitration before the Tribunal in Paris, France, in which both Petitioner and Respondent participated.

23.     A number of witnesses testified for each side at the Hearing. Each side also had an expert witness who testified at the Hearing. Each side also submitted numerous exhibits and documentary evidence in the Arbitration.

24.     The Arbitration was conducted fairly and impartially and in accordance with the ICC Rules of Arbitration in effect as of 2012.

25.     On April 16, 2018, the Tribunal issued its Final Award (the "Award"), a certified copy of which is annexed as **Exhibit C** to the Jones Decl.

26.     The Tribunal determined that Petitioner is entitled to receive payment of US $9,638,836.52 from Respondent. *See*, Award, ¶ 380(a) (**Exhibit C** to the Jones Decl.).

27.     As part of the Award the Tribunal awarded Petitioner costs in the amount of US $1,285,463.84. *See*, Award, ¶ 380(c) (**Exhibit C** to the Jones Decl.).

28.     As part of the Award the Tribunal awarded Petitioner simple interest at the rate of three percent (3%) on the $9,638,836.52 amount awarded starting from January 1, 2010 (*See*, Award, ¶ 380(d)(i) (**Exhibit C** to the Jones Decl.), and on the costs awarded in the amount of $1,285,463.84 from the date of the Award to time of payment. *See*, Award, ¶ 380(d)(ii) (**Exhibit C** to the Jones Decl.).

C.     **Proceedings After Award for Petitioner**

29.     On May 16, 2018, subsequent to the Tribunal's issuance of the Award, Respondent filed an Application for Correction of Award.

30.     On May 22, 2018, Respondent also filed an appeal pursuant to Swiss law in the Federal Supreme Court of Switzerland seeking to vacate the Award.

31.     On June 26, 2018, the Tribunal issued a draft decision rejecting Respondent's Application to for Correction.

32.     On July 21, 2018, the ICC approved the Tribunal's draft decision and denied Respondent's Application for Correction.  A true and correct copy of the Decision is attached as **Exhibit D** to Jones Decl.

33.     On November 23, 2018, the Federal Supreme Court of Switzerland rejected and dismissed Respondent's appeal.  A true and correct copy English language translation of the decision of the Federal Supreme Court of Switzerland is attached as **Exhibit E** to the Jones Decl.

34.     On December 7, 2018, Petitioner's counsel issued a letter to Respondent's counsel requesting compliance with the Award.

## CLAIM FOR RELIEF

38.     The Convention applies to the recognition and enforcement of the Award.

39.     Respondent cannot prove any grounds for refusal of recognition or enforcement of the Award pursuant to Art. V of the Convention.

40.     Accordingly, the Court shall therefore confirm the Award, recognize it as binding and issue judgment thereon.

## DEMAND FOR RELIEF

**WHEREFORE,** Petitioner respectfully requests, pursuant to 9 U.S.C. § 207, that the Court enter an order (a) confirming, recognizing and enforcing the Award; (b) directing entry of

judgment in accordance therewith, including interest and costs as directed in the Award; and (c) awarding Petitioner such other and further relief as the Court deems just and proper.

Dated: New York, New York
      August 29, 2019                                     STARR & STARR, PLLC

                                                                     By: /s/ Stephen Z. Starr
                                                                         Stephen Z. Starr
                                                              D.C. Bar No. 443312
                                                              260 Madison Avenue, 17th Fl.
                                                              New York, New York 10016
                                                              tel.:  (212) 867-8165
                                                              fax.:  (212) 867-8139
                                                              email starr@starrandstarr.com

                                                              Attorneys for Petitioner,
                                                              OGI Group Corporation